UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VELMA LEE THOMPSON | * | |
| | * | CIVIL ACTION NO. _____ |
| Plaintiff | * | |
| | * | SECTION: \_\_\_\_\_ |
| VERSUS | * | |
| | * | JUDGE: _____ |
| | * | |
| HUNTINGTON INGALLS INCORPORATED | * | |
| INCORPORATED (formerly NORTHROP | * | |
| GRUMMAN SHIPBUILDING INC., formerly | * | MAG. JUDGE: _____ |
| NORTHROP GRUMMAN SHIP SYSTEMS, INC. | * | |
| formerly AVONDALE INDUSTRIES, INC., | * | |
| formerly AVONDALE SHIPYARDS INC., | * | |
| and formerly AVONDALE MARINE WAYS | * | |
| INC.); UNION CARBIDE CORPORATION; | * | |
| TAYLOR-SEIDENBACH, INC.; CBS | * | |
| CORPORATION; FOSTER WHEELER ENERGY | * | |
| CORPORATION; GENERAL ELECTRIC | * | |
| COMPANY; INTERNATIONAL PAPER | * | |
| COMPANY, (INDIVIDUALLY AND AS | * | |
| SUCCESSOR BY MERGER WITH UNITED | * | |
| STATES PLYWOOD CORPORATION; | * | |
| HOPEMAN BROTHERS, INC; LIBERTY | * | |
| MUTUAL INSURANCE COMPANY; | * | |
| | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, Huntington Ingalls Incorporated (f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.) (hereinafter, "Avondale"), who, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, notices the removal of the above-entitled action bearing No. 2021-7432 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (the "State Case"), to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction under 28

U.S.C. § 1441 in that the action arises "under the Constitution, laws or treaties of the United States" within the meaning of that statute, and because Avondale was, at all material times, acting under an officer of the United States as set forth in 28 U.S.C. § 1442(a)(1). The grounds for removal are as follows:

1.

Venue is proper in this Court because it is the district court for the district in which the State Case is pending. 28 U.S.C. § 1442(a).

2.

On September 20, 2021, Plaintiff, Velma Lee Thompson, filed a Petition for Damages naming Avondale as a defendant.[1] The Petition alleges that Plaintiff was diagnosed with "malignant mesothelioma" as a result of paraoccupational exposure to asbestos from Avondale during the 1950s through the 1970s.[2] Plaintiff further alleges she was exposed to asbestos from the clothing of her father, Johnny Thompson; her two brothers, Johnny Coleman and Larry Thompson; and her former husband, Gralyn Ancar, who had all worked at Avondale.[3] Plaintiff alleges she was exposed to asbestos from their clothing when she interacted with each of them and when she laundered their Avondale work clothes.[4] Although the Petition for Damages makes broad allegations of exposure to asbestos attributable to Avondale, it does not link Plaintiff's alleged exposures to any vessels that Avondale built, refurbished, or repaired for the United States government.

---

1 Exhibit A, Petition for Damages.
2 *Id.* at ¶ 3, 12.
3 *Id.* at ¶ 12.
4 *Id.* at ¶ 13.

3.

On April 22, 2022, Plaintiff gave a deposition wherein she stated that she had no information about the work her family members performed at Avondale or the manner in which they were allegedly exposed to asbestos there.[5] Plaintiff testified that her former husband, Gralyn Ancar, worked at Avondale in 1970 and that her brother, Johnny Coleman, worked at Avondale intermittently from 1970 to 1971.[6]

4.

At her deposition, Plaintiff further testified that Johnny Coleman had a prior asbestosis claim, and she identified his purported asbestosis claim form (marked as Deposition Exhibit 4), which lists products that Johnny Coleman allegedly worked with during his Avondale employment.[7] The claim form indicates that Johnny Coleman worked as a new construction laborer at Avondale for approximately one year during 1970 and 1971.[8] The products identified in the claim form are "A.P. Green Insulating Cement," "Hylo Insulating Cement," "Zonolite High Temperature Insulating Cement," and "unknown pipe covering."[9] These products are the type of asbestos-containing products that were used in the construction of vessels at Avondale. Therefore, to the extent that Plaintiff is claiming asbestos exposure from Johnny Coleman, Plaintiff is necessarily claiming exposure to asbestos-containing products used in the construction of vessels at Avondale.

---

[5] Exhibit B, Deposition of Velma Lee Thompson, pp. 11, 13-14, 58-60.
[6] *Id.* at p. 22, 94-95. Plaintiff did not identify the time period that her other brother, Larry Thompson, worked at Avondale but testified she did not know when he started working at Avondale. *See* Exhibit B, p. 57-59. Plaintiff testified that her father, Johnny Thompson, never worked at Avondale. *See* Exhibit B, p. 9, 40, 68-69.
[7] *See* Exhibit B, p. 21-22; Exhibit C, Deposition Exhibit 4, produced on April 22, 2022.
[8] Exhibit C, p. 2.
[9] *Id.* at p. 3.

5.

During Plaintiff's alleged exposure period, 1970 through 1971, Avondale constructed numerous vessels pursuant to contracts with the federal government. More specifically, Avondale was constructing vessels for the federal government pursuant to contracts with the United States Navy, United States Coast Guard, and the United States Maritime Administration ("MARAD"). The government vessels constructed during Plaintiff's alleged exposure period included U.S. Navy Destroyer Escorts, U.S. Coast Guard Cutters, and LASH lines cargo vessels for MARAD (the "Federal Vessels"). Moreover, during Plaintiff's alleged exposure period, 35 of the 37 vessels under construction at Avondale were Federal Vessels. The Federal Vessels were built with asbestos-containing products and materials pursuant to the Navy, Coast Guard, and MARAD's requirements. Thus, to the extent Plaintiff is alleging exposure from asbestos-containing materials at Avondale from 1970 to 1971, such exposure is necessarily attributable to asbestos-containing materials required and destined for use in the construction of the Federal Vessels.

6.

Plaintiff's deposition testimony and Deposition Exhibit 4, together with the allegations in the Petition, reveal that Plaintiff is claiming exposure at Avondale attributable, in part, to asbestos required and destined for use on U.S. Navy, U.S. Coast Guard, and MARAD vessels pursuant to Avondale's contracts with the United States government.

7.

This removal is being filed within thirty days of receipt of Plaintiff's deposition transcript and exhibits on May 5, 2022, and is, therefore, timely under 28 U.S.C. § 1446.

8.

This action involves persons acting under the authority of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1). To establish jurisdiction under this statute, a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) it has acted pursuant to a federal officer's directions, and (4) the charged conduct is related to an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (*en banc*).

9.

Avondale is a "person" within the meaning of 28 U.S.C. § 1442(a)(1). *E.g., Savoie v. Huntington Ingalls Incorporated,* 817 F.3d 457, 461 (5th Cir. 2016).

10.

Avondale was "acting under" an "officer … of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when it built the Destroyer Escorts and Coast Guard Cutters pursuant to contracts with the U.S. Navy and U.S. Coast Guard because the federal government contracted with Avondale to perform a task that the government otherwise would have had to perform by itself—namely, to build ships "used to help conduct a war" and to further other national interests. *E.g.*, *Watson v. Philip Morris Companies, Inc*., 551 U.S. 142, 153-54 (2007); *Savoie,* 817 F.3d at 461-62 (Avondale was acting under a federal officer in the construction of vessels for the United States Navy); *Cortez v. Lamorak Ins. Co.*, No. CV 20-2389, 2020 WL 6867250, at *5 (E.D. La. Nov. 23, 2020) (Avondale was acting under a federal officer in the construction of vessels for the United States Coast Guard).

11.

Avondale was also "acting under" a federal officer within the meaning of § 1442(a)(1) when it built the LASH lines cargo vessels pursuant to contracts with MARAD, because the United States government, acting through MARAD, had contracted with Avondale to perform a task that the government otherwise would itself have had to perform – to build ships for use as naval and military auxiliaries, to promote foreign and domestic commerce, and to further other important national interests. *Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 713 (5th Cir. 2015) (Avondale was acting under a federal officer in the construction of vessels for the United States Maritime Administration); *Dempster v. Lamorak Ins. Co.*, No. CV 20-95, 2020 WL 468611, at *11 (E.D. La. Jan. 28, 2020) (same).

12.

If Plaintiff was exposed to asbestos from work undertaken in conjunction with the construction of the Federal Vessels at Avondale's shipyard, the use of asbestos-containing materials on those vessels was required, controlled, and/or authorized by officers of the United States.

13.

Plaintiff's claims against Avondale are claims "for or related to" acts performed under color of federal office within the meaning of the text of 28 U.S.C. § 1442(a)(1) because the charged conduct is "connected or associated with" an act under a federal officer's direction. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d at 296.

14.

The use and installation of asbestos-containing materials in the construction of the Federal Vessels was required by the contractual provisions and design specifications mandated by the federal government acting through the U.S. Navy, U.S. Coast Guard, and MARAD.

15.

The materials used in the construction of the Federal Vessels—including asbestos-containing materials—were the kind, type, and brand of materials specifically mandated by the Vessel Construction Contracts between Avondale and the United States government, and by the incorporated drawings, plans and specifications for the construction of the Federal Vessels.

16.

The shipbuilding process—specifically including the use and installation of asbestos-containing materials aboard the Federal Vessels—was supervised and monitored by inspectors and other representatives of the United States government to ensure that Avondale complied with the design specifications mandated by the U.S. Navy, U.S. Coast Guard, and MARAD.

17.

The inspections by representatives of the United States government included a determination that the supplies (including raw materials, components, and end products) used in the construction of the Federal Vessels were the supplies required by the contracts and specifications, including asbestos-containing thermal insulation and other asbestos-containing materials, as well as non-asbestos insulation materials. Inspections occurred throughout construction and prior to final acceptance of the Federal Vessels. If Avondale did not use the supplies required by the contracts, including asbestos-containing materials, the federal government

could demand that Avondale replace the supplies with conforming materials and/or put Avondale in default of the contract.

18.

The United States government required Avondale to provide representatives of the United States government, including government inspectors, with office space and other attendant facilities within the shipyard.

19.

Extensive Dock Trials, Builder's Trials, and Sea Trials on the Federal Vessels were performed by representatives of the United Sates government prior to the delivery of each Federal Vessel to ensure conformity with the design specifications mandated by the United States government.

20.

The United States government also promulgated specific safety rules, regulations and requirements for shipbuilding. These regulations included specific permissible safe exposure levels for asbestos pursuant to the Occupational Health and Safety Act, the Walsh-Healey Public Contracts Act, and the U.S. Department of Labor Safety and Health Regulations for Shipbuilding, 29 C.F.R. § 1502.1, which set safety standards to meet the provisions of the Longshore and Harbor Workers' Compensation Act requirements to render Avondale's workplace safe pursuant to 33 U.S.C. § 941. Avondale was guided by and required to comply with these safety regulations during the Federal Vessels' construction.  United States government safety inspectors specifically monitored and enforced these safety regulations as well as the construction of the Federal Vessels on a day-to-day and job-specific basis.

Case 2:22-cv-01365-GGG-JVM   Document 1   Filed 05/16/22   Page 9 of 11

21.

Avondale raises two colorable federal defenses to one or more of the Plaintiff's claims in this action. First, one or more of Plaintiff's claims are barred under the jurisprudential doctrine of government contractor immunity established by *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988), and its progeny. *Latiolais,* 951 F.3d at 297-98 (holding Avondale's *Boyle* defense is colorable). Furthermore, Plaintiff's negligence claims relate to the acts performed under color of federal office.

22.

The reasonably precise design specifications established by the U.S. Navy, U.S. Coast Guard, and MARAD mandated the installation of asbestos and asbestos-containing products on the Federal Vessels. The Federal Vessels confirmed to the specifications mandated by the U.S. Navy, U.S. Coast Guard, and MARAD—the specifications mandated the use of asbestos, and Avondale built the Federal Vessels using asbestos. The United States government had knowledge of the potential hazards of asbestos-containing materials in the workplace that was equal to or superior to that of Avondale.

23.

Second, Plaintiff's claims against Avondale are barred by the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), and its progeny. *Yearsley* established that a federal government contractor, performing at the direction and authorization of a federal government officer, is immune from suit based upon performance of the contract. The *Yearsley* doctrine applies here, rendering Avondale immune from suit, because Avondale performed the at-issue acts at the direction of federal government officers acting pursuant to federal government authorization.

00861723                                                                9

24.

Removal under 28 U.S.C. § 1442 does not require the consent of any defendant. *See Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014); *Ely Valley Mines, Inc. v. Hartford Acc. and Indemnity Co.,* 644 F.2d 1310 (9th Cir. 1981); *Bottos v. Avakian,* 477 F. Supp. 610 (N.D. Ind. 1979), *aff'd*, 723 F.2d 913 (7th Cir. 1983).

25.

Because this Court has federal officer jurisdiction over at least one claim asserted by Plaintiff, it has supplemental jurisdiction over the entire action. *Savoie,* 817 F.3d at 463; 28 U.S.C. § 1367(a).

26.

With this Notice, Avondale is filing a "copy of all process, pleadings, and orders served upon" them in the State Case. 28 U.S.C. §§ 1446(a), (d). In addition, written notice is being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

ACCORDINGLY, Avondale hereby gives notice that the proceeding bearing Case No. 2021-7432 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the docket of this Court for trial and determination as provided by law, and asks that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC


By: /S/ David M. Melancon
GUS A. FRITCHIE (#5751)
TIMOTHY F. DANIELS (#16878)
DAVID M. MELANCON (# 23216)
M. SCOTT MINYARD (#31879)
ALEXANDER R. SAUNDERS (#28753)
CONNOR PETH (#39499)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504)310-2100
Facsimile: (504)310-2101
**Counsel for Huntington Ingalls Incorporated**


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Pleading was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 16th day of May 2022.

/S/ David M. Melancon