UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VELMA LEE THOMPSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-1365** |
| **HUNTINGTON INGALLS INCORPORATED,** *ET AL.* | **SECTION: T(1)** |

## ORDER

Before the Court is a *Motion to Remand* filed by Plaintiff, Velma Lee Thompson.[1] Defendant, Huntington Ingalls Incorporated ("Avondale") filed an opposition,[2] with which co-defendants Hopeman Brothers, Inc. and Liberty Mutual Insurance Company (as alleged insurer of Wayne Manufacturing Corp.) joined and adopted.[3] Plaintiff filed a reply.[4]

For the following reasons, the motion to remand is **DENIED**.

## FACTUAL BACKGROUND

This matter was filed in state court on September 20, 2021, by Ms. Thompson alleging that secondhand asbestos exposure from her family members who worked at Avondale Shipyard in Westwego, Louisiana, caused her to be diagnosed with mesothelioma.[5] According to Ms. Thompson, she was exposed to asbestos dust while washing the clothing of several family members during their employment.[6] Ms. Thompson testified in her deposition on April 22, 2022, that she was not sure what type of work her family members did at the shipyard with specificity,

---

[1] R. Doc. 12. Ms. Thompson has since passed away. Her children, Allen Ancar and Toshiba Aisha Ancar, have been substituted in her place. R. Doc. 33.
[2] R. Doc. 14.
[3] R. Doc. 16.
[4] R. Doc. 27.
[5] R. Doc. 1-2.
[6] *Id*.

1

but that they came home covered in dust, which she then shook off and breathed in.[7] Ms. Thompson's family members worked at the shipyard at various points in 1970 and 1971.[8]

Avondale filed its notice of removal pursuant to the federal officer statute on May 16, 2022.[9] In that notice of removal, Avondale declared that Ms. Thompson's family members handled the type of asbestos products destined for federal vessels.[10] In addition, during the time period that Ms. Thompson's family members worked at the shipyard, "35 of the 37 vessels under construction at Avondale were Federal Vessels."[11] Those vessels, according to Avondale, were constructed pursuant to a federal contract and under the direction of the U.S. Navy, Coast Guard, and Maritime Administration ("MARAD").[12] Ms. Thompson filed the instant motion to remand asserting Avondale did not make a showing that Ms. Thompson's exposure was sufficiently related to, connected or associated with Avondale's actions under federal officer's directions.[13]

## LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction,[14] possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."[15] Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."[16] Courts must interpret factual disputes

---

[7] R. Doc. 1-3.
[8] *Id*.
[9] R. Doc. 1.
[10] *Id*.
[11] *Id*. at ¶5.
[12] *Id*. at ¶¶10 and 11.
[13] R. Doc. 12-1.
[14] *Guadalupe-Blanco River Auth. v. City of Lytle*, 937 F.2d 184, 185 (5th Cir. 1991); *Rasul v. Bush*, 541 U.S. 466, 289, 124 S.Ct. 2686 (2004).
[15] *Rasul*, 542 U.S. at 489.
[16] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

in favor of retaining federal jurisdiction in evaluation of removal under the federal officer removal statute.[17]

As it stands today, the federal officer removal statute allows the removal of civil and criminal actions brought against "any officer (or any person acting under that officer) of the United States … in an official or individual capacity, for or relating to any act under color of such office."[18] To remove under the federal officer statute, the defendant bears the burden of satisfying a four-prong analysis as established by the Fifth Circuit.[19] The defendant must show that: (1) it has a colorable federal defense; (2) it is a "person" within the meaning of the statute; (3) it acted pursuant to a federal officer's direction; and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions.[20] There is no dispute between the parties as to three of the four prongs of this analysis. The sole dispute is whether Ms. Thompson's exposure was related to, or connected or associated with, acts pursuant to a federal officer's direction. The "related to" standard, is broad in its application with no requirement for a direct causal nexus, and has been found in cases where a plaintiff "was likely exposed to asbestos being used under the direction of a federal officer."[21]

In this matter, Ms. Thompson's family members worked at the shipyard in 1970 and 1971. During that time, 35 of 37 of the vessels constructed at the shipyard were federal vessels. Avondale asserts, and this Court agrees, that based on the facts presented it is likely that Ms. Thompson's

---

[17] *Ragusa v. Louisiana Ins. Guaranty Ass'n*, 573 F.Supp.3d 1046, 1051 (E.D. La. Nov. 23, 2021) (citing *Schnexnayder v. Huntington Ingalls, Inc.*, No. 20-775, 2020 WL 3970159, at * 3 (E.D. La. July 14, 2020); *Louisiana v. Sparks*, 978 F.2d 226, 232 (5th Cir. 1992)).
[18] 28 U.S.C. § 1442 (a)(1).
[19] *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020).
[20] *Id*.
[21] *Ragusa*, 573 F.Supp.3d at 1052; *Latiolais*, 951 F.3d at 296; *See Bourgeouis v. Huntington Ingalls Inc.*, 2020 WL 2488026 (E.D. La. May 14, 2020) (finding that a mail carrier's work delivering mail all over a shipyard likely exposed him to asbestos required and destined for a federal vessel, wherein six of the twenty-six vessels under construction at the yard were federal vessels).

family members were exposed to or worked with asbestos products destined for those federal vessels. While some of the asbestos products encountered by Ms. Thompson through her family members were possibly destined for ships other than federal vessels, the record supports a finding that the majority of the vessels under construction at the shipyard in 1970 and 1971 were federal vessels. Ms. Thompson objects to a broad interpretation of the Fifth Circuit's "related to" standard, arguing that such an expansive reading would lead to absurd results, because any claim related to exposure while a federal vessel is present would be removable to federal court. This broad reading and outcome, Ms. Thompson argues, is contrary to Congress's intent and the scope of the statute. While this argument might be inviting on a policy level, the statutory language does not require a direct causal nexus in order to justify removal. Instead, the Fifth Circuit has instructed that the defendant need only prove the plaintiff "was likely exposed to asbestos being used under the direction of a federal officer."[22] Avondale has met that standard, and therefore has satisfied the requirements for removal under the federal officer removal statute. Accordingly, Plaintiff's motion to remand is **DENIED**.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion to remand is **DENIED**.

New Orleans, Louisiana this __24th__ day of March, 2023.

_____
Hon. Greg Gerard Guidry
United States District Judge

---

[22] *Ragusa*, 573 F.Supp.3d at 1052; *Latiolais*, 951 F.3d at 296.